**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GERALD A. ISLAR,
Plaintiff-Appellant,

and

JAMES E. GREENE; DAVID E. ALLEN,
Plaintiffs,                                          No. 97-2641

v.

OURISMAN CHEVROLET COMPANY,
INCORPORATED,
Defendant-Appellee.

JAMES E. GREENE,
Plaintiff-Appellant,

and

GERALD A. ISLAR; DAVID E. ALLEN,
Plaintiffs,                                          No. 98-1185

v.

OURISMAN CHEVROLET COMPANY,
INCORPORATED,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-96-3979-PJM)

Argued: October 30, 1998

Decided: January 15, 1999

Before WILKINS and NIEMEYER, Circuit Judges, and
FRIEDMAN, United States District Judge
for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Brian Fitzpatrick, FITZPATRICK & ASSO-
CIATES, Washington, D.C., for Appellant. Peter David Guattery,
WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Mary-
land, for Appellee. **ON BRIEF:** John F. Pressley, Jr., Washington,
D.C., for Appellant. Kevin C. McCormick, WHITEFORD, TAYLOR
& PRESTON, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald A. Islar and James E. Greene (collectively,"Appellants")
appeal an order of the district court granting summary judgment in
favor of Ourisman Chevrolet Company, Inc. (Ourisman), on their
claims that Ourisman discriminated against them in its promotion
practices because of their race. See 42 U.S.C.A. § 1981 (West 1994).[1]
Finding no error, we affirm.

_____

[1] A third plaintiff, David E. Allen, has not appealed an order dismissing
his claims.

2

I.

Viewing the evidence in the light most favorable to Appellants, see Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), the evidence demonstrates the following. Ourisman is a Chevrolet dealership located in Prince George's County, Maryland. In October 1994, Ourisman hired George Thornber and John Flanagan, both of whom are Caucasian, to establish and manage a Credit Approval Center (CAC). Together, they previously had established a successful credit department at another dealership in the Washington, D.C. area. At Ourisman, Thornber assumed the role of CAC Manager; Flanagan served as Assistant CAC Manager. Approximately one year after the CAC began operating, Flanagan's position was eliminated for financial reasons. Flanagan remained with Ourisman in another position and then worked as a credit manager at an affiliated dealership.

Appellants were hired by Thornber as CAC employees. Thornber recruited Islar in December 1994 and hired Greene in January 1996. Both Islar and Greene are African-American.

In the fall of 1996, Thornber announced to William McLaughlin, Ourisman's General Manager, that he was leaving to pursue another opportunity. When McLaughlin asked Thornber to recommend a successor, Thornber told him that none of his employees was qualified and that Flanagan was the best person for the position based on his past experience with the dealership. McLaughlin subsequently hired Flanagan.

At approximately the same time, Ourisman established the position of Assistant Used Car Manager. The position was first offered to, and rejected by, an African-American. Ourisman eventually hired a Caucasian former Ourisman employee who knew other Ourisman employees and possessed substantial managerial experience in used automobile sales.

Appellants were never notified of either of the openings prior to Ourisman's filling them. Moreover, only two of approximately 30 managers and professionals employed by Ourisman in 1994 and 1995 were African-American. And, as of June 1997, there were no African-

3

American managers or assistant managers at Ourisman. Additionally, McLaughlin had opined on several occasions that there were too many African-Americans in Ourisman's telemarketing department.

Appellants filed this suit alleging, inter alia , racial discrimination by Ourisman in its hiring practices with respect to the CAC Manager and Assistant Used Car Manager positions. See 42 U.S.C.A. § 1981. The district court granted Ourisman's motion for summary judgment, finding that Appellants had failed to create a genuine issue of fact regarding whether Ourisman's purported nondiscriminatory reason for its personnel actions--that its failure to give further consideration to Appellants for the positions was based on the availability of more qualified candidates--was actually pretext for intentional racial discrimination.

II.

Appellants first contend that the district court erred in granting summary judgment to Ourisman on their claims of racial discrimination in the selection of Flanagan for the CAC Manager position. Specifically, Appellants maintain that the district court erred in concluding that they failed to create a genuine issue of fact regarding whether Ourisman's proffered racially neutral reason for its hiring decision was pretextual. We disagree.

We review a grant of summary judgment de novo. See Becerra v. Dalton, 94 F.3d 145, 148 (4th Cir. 1996). A plaintiff may survive summary judgment in the absence of direct evidence of discrimination by presenting circumstantial evidence under the burden-shifting scheme articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th. Cir. 1997); see also Love v. Alamance County Bd. of Educ., 757 F.2d 1504, 1506-07 (4th Cir. 1985) (employing McDonnell Douglas burden-shifting scheme to analyze a claim of racial discrimination brought pursuant to 42 U.S.C.A. § 1981). Under the McDonnell Douglas scheme, a plaintiff must first present evidence sufficient to establish a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. See id. When that burden is met, the

4

plaintiff must present evidence sufficient to create a genuine issue of fact regarding whether the proffered reason is a pretext for intentional discrimination. See id. at 804.

Assuming Appellants have made out a prima facie case of racial discrimination, Ourisman advanced a legitimate non-discriminatory reason for failing to promote Appellants. The uncontradicted evidence demonstrates that McLaughlin's choice of Flanagan to manage the CAC was based on the opinion of Appellants' supervisor, Thornber, who advised McLaughlin that Flanagan was more qualified. There is no evidence from which a reasonable jury could infer that Thornber's recommendation was racially motivated. Cf. Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991) (noting that "in cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer").

III.

Greene also maintains that the district court erred in granting summary judgment on his claim that he was not considered for the Assistant Used Car Manager position because he is African-American. We disagree.

Assuming that Greene made out a prima facie case of racial discrimination, he failed to create a genuine issue of fact regarding whether Ourisman's explanation that it did not hire Greene because there was a better candidate available was a pretext for racial discrimination. Thornber had advised McLaughlin that Greene was not qualified to be a manager of the department in which he was working. Moreover, the first person offered the Assistant Used Car Manager position was African-American. Accordingly, the district court correctly granted summary judgment to Ourisman on this claim.

IV.

We conclude that the district court correctly granted summary

5

judgment on all of the claims.**2**

<u>AFFIRMED</u>

_____

**2** Appellants also appeal the denial of Greene's motion to strike certain evidence from the record. Because we have not considered that evidence in determining that Ourisman was entitled to summary judgment, we need not consider this argument.